UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA SUMMERS, | CASE NO. 2:26-cv-01034-JHC |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency, and LORELI SMITH, in her official and individual capacities, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff's motion for a temporary restraining order (TRO), Dkt. # 5, and motion for order to preserve evidence, Dkt. # 6.  The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law.  Being fully advised, the Court DENIES both motions.

**Motion for TRO**

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *Juarez v. Asher*, 556 F. Supp. 3d 1181, 1186 (W.D. Wash.

ORDER - 1

2021) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2, 98 (1977)). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that [they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20 (2008)).

Here, as argued by Defendants, the doctrine of unclean hands would appear to bar the extraordinary relief request. Dkt. # 41 at 9–10. But more importantly, Defendant argues persuasively that Plaintiff does not demonstrate a likelihood of success on the merits, that the balance of equities tips in his favor, or that the requested extraordinary relief is in the public interest. *See id.* at 10–20, 23–25. Indeed, Plaintiff does not cite—nor is the Court aware of— any case law supporting similar preliminary injunctive relief under similar circumstances (*e.g.*, prohibiting application of Indeterminate Sentence Review Board conditions).

### Motion to Preserve Evidence

As Defendants argue, the motion to preserve evidence is premature and they have represented that they are aware of their duty to preserve evidence. *See* Dkt. # 40 at 3; *see also* Dkt. # 42 at 1-2 (Reply stating that Plaintiff does not oppose "deferral"). Plaintiff may renew the motion if warranted by the applicable law and circumstances.

The motions are DENIED.

Dated this 21st day of April, 2026.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 2