UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA SUMMERS, | CASE NO. 2:26-cv-01034-JHC |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS ET AL., | |
| Defendants. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendants' Motion for a More Definite

Statement Under Fed. R. Civ. P. 12(e). Dkt. # 61. The motion concerns the third amended

complaint (TAC; Dkt. # 55). The Court has considered the materials filed in support of and in

opposition to the motion, the rest of the record, and the applicable law. Being fully advised, for

the reasons below, the Court DENIES the motion.

ORDER - 1

## II

### DISCUSSION

A.    Rule 12(e) Standards

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement with respect to a pleading that is "so vague or ambiguous that the party cannot reasonable prepare a response."  The party seeking a more definite statement must specify "the defects complained of and the details desired."  *Id.*  In considering Rule 12(e) motions, courts evaluate the complaint based on Rule 8, which requires a complaint to contain: (1) a short and plaint statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  *Vaughn v. Cohen*, 2025 WL 19854 * 1 (W.D. Wash. Jan. 2, 2025) (citing Fed. R. Civ. P. 8(a)).  "Motions for a more definite statement are viewed with disfavor, and are rarely granted."  *Dobson v. International All. of Theatrical Stage Employees*, 2025 WL 3251158 * 2 (W.D. Wash. Nov. 21, 2025) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)); *Advanced Hair Restoration LLC v. Bosley Inc.*, 2024 WL 4544930 * 4 (W.D. Wash. Oct. 22, 2024) (same).

B.    Analysis

Because Plaintiff proceeds pro se, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v, U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Defendants contend that Summers' "continuous filings" make the TAC "so vague and ambiguous that Defendants cannot reasonable frame a proper response."  *Id.* at 4.  Specifically,

ORDER - 2

they say that the TAC "continuously references unattached exhibits" from the second amended complaint (SAC). *Id.* Defendants also argue that the TAC "fails to provide adequate notice of the factual and legal basis for his claims[.]" *Id.* They also say that the TAC engages in impermissible "shotgun pleading," because it "continues to cross-reference previous and/or preceding claims." *Id.* Defendants request that the fourth amended complaint "avoid unnecessary legal arguments and excessive incorporation of other paragraphs in the complaint." *Id.* at 5. But the TAC does provide Defendants with fair notice of Plaintiff's claims, including the factual and legal grounds on which those claims rest. *See e.g.*, Dkt. # 55 at 15–16 (Count one, Unlawful Search, stating "Defendant Smith's warrantless search of Plaintiff's electronic devices on November 20-21, 2025, was not supported by reasonable cause as required by RCW 9.94A.631(1)").

Defendants also raise arguments that attack the sufficiency of the Complaint and not its intelligibility. *See e.g.*, Dkt. # 61 at 3 ("His factual allegations and claims for relief are replete with broad legal claims and conclusions."). The proper mechanism for asserting these arguments is a motion to dismiss under Rule 12(b)(6), not a motion for more definite statement. *See Advanced Hair Restoration LLC*, 2024 WL 4544930 * 4 ("This district court has recognized that a Rule 12(e) motion attacks the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant the substance of the claims asserted.") (quoting *Smith v. Assurance IQ, LLC*, 2021 WL 5205575 * 2 (W.D. Wash. Sep. 7, 2021).

The Court agrees that the TAC references unattached exhibits from the SAC, which should have been reattached upon filing the TAC. *See* LCR 15 ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading, *including* exhibits") (emphasis added). But Defendants do not explain how this prevents them from

ORDER - 3

providing a response.  The TAC briefly describes each exhibit and thus puts Defendants on notice as to each exhibit's content.  *See* Dkt. # 55 at 29–30.

Nor do Defendants "point out the . . . details desired," as required by Rule 12(e).  Fed. R. Civ. P. 12(e).  Thus, it is unclear to the Court what additional facts Plaintiff would need to provide.

The Court is also not persuaded that the TAC engages in impermissible "shotgun pleading."  A shotgun pleading is one where "a party indiscriminately incorporates assertions from one count to another," preventing "the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult."  *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (citing 5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024)).  Defendants contend that the phrase "the ultra vires nature of these conditions also supports Plaintiff's claims . . . which are brought separately in Counts I, II, IV, and V" constitutes "shotgun pleading."  Dkt. # 61 at 4.  But "incorporation by reference is permitted by Rule 10(b) and (c)" so long it is not being used indiscriminately.  *Id.*  Here, each count contains specific factual allegations that support each cause of action within each count.

### III

#### CONCLUSION

For these reasons, the Court DENIES the motion.  The Court ORDERS Plaintiff to re-file the TAC with the referenced exhibits attached; Plaintiff must do so by July 31, 2026.

Dated this 16th day of July, 2026.

John H. Chun
United States District Judge

ORDER - 4