**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **JOSHUA SUMMERS, an individual,**<br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency; and LORELI SMITH, in her official and individual capacities;**<br>**Defendants.** | **Third Amended Complaint for Declaratory, Injunctive, and Monetary Relief**<br>**(42 U.S.C. § 1983; Washington Constitution Art. I, § 3 and § 7; RCW 9.94A.704; RCW 7.24; RCW 10.105.010; Common Law Torts)**<br><br>**No. 2:26-cv-01034-JHC** |

## Table of Contents

I. INTRODUCTION ........ 4

II. JURISDICTION AND VENUE ........ 5

III. PARTIES ........ 6

IV. FACTUAL ALLEGATIONS ........ 6

A. Plaintiff's Status and Lawful Property ........ 6

B. The November 2025 Search and Seizure ........ 7

C. Prolonged Detention Without Notice or Process .......... 9

D. Return of Property with Unlawful Verbal Directives (March 10 & 17, 2026) .......... 10

E. Plaintiff's Repeated Requests for Written Notice .......... 11

F. The Return Was Conditional and Constitutes Illusory Possession .......... 12

G. DOC's Risk Assessment and Lack of Tailoring .......... 12

H. Existing Supervision Tools Render Android-Only Mandate Unnecessary .......... 13

I. Irreparable Harm .......... 13

J. Retaliatory Conduct and Exhaustion .......... 14

V. CLAIMS FOR RELIEF .......... 15

A. Count One: Fourth Amendment Violations (42 U.S.C. § 1983 – Against Defendant Smith in Individual Capacity) .......... 15

i. Unlawful Search .......... 15

ii. Unlawful Seizure & Prolonged Detention .......... 16

iii. Constructive and Ongoing Seizure .......... 16

iv. Relief Sought .......... 16

B. Count Two: Fourteenth Amendment Due Process Violations .......... 16

i. Procedural Due Process – Failure to Provide Statutory Notice (RCW 10.105.010(3)) .......... 17



*Joshua Summers – 22515 30th Ave S – Des Moines, WA 98198*

ii. Procedural Due Process – Failure to Provide Written Conditions (RCW 9.94A.704(7)(a)) .......... 17

iii. Substantive Due Process – Arbitrary 110-Day Deprivation .......... 18

iv. Relief Sought .......... 18

C. Count Three: Ultra Vires Agency Action .......... 18

i. DOC Lacked Authority to Impose Conditions Reserved to the ISRB .......... 18

ii. Declaratory Relief that Unwritten Conditions Are Void .......... 19

iii. Relief Sought .......... 19

D. Count Four: Unconstitutional Vagueness .......... 19

i. Remediation Directive .......... 20

ii. "No High-Powered Android" Standard .......... 20

iii. Post-Purchase Approval Process .......... 20

iv. Relief Sought .......... 21

E. Count Five: First Amendment Retaliation .......... 21

F. Count Six: State Law Torts .......... 22

i. Conversion .......... 22

ii. Intentional Infliction of Emotional Distress (IIED) .......... 23

iii. Abuse of Process .......... 23

iv. Relief Sought .......... 23

G. Count Seven: Unconstitutional Custom And Practice .......... 23
VI. PRAYER FOR RELIEF .......... 25
A. Declaratory Relief .......... 25
B. Injunctive Relief .......... 26
C. Retroactive Relief .......... 26
D. Damages .......... 27
E. Attorney's Fees and Costs .......... 27
F. Other Relief .......... 27
VII. JURY DEMAND .......... 27
VIII. EXHIBIT LIST .......... 29
CERTIFICATE OF SERVICE .......... 31

## I. INTRODUCTION

1. Plaintiff Joshua Summers, a person on community custody under the jurisdiction of the Indeterminate Sentence Review Board (ISRB), brings this civil rights action against Defendants for: (a) a warrantless search and seizure of his property without reasonable cause; (b) detention of that property for over 110 days without notice or forfeiture proceedings; (c) imposition of verbal conditions lacking defined standards and exceeding statutory authority; (d) ongoing constructive seizure through coercive

conditions; and (e) retaliation for requesting written notice and seeking judicial relief. Each claim is independently cognizable and supported by distinct legal and factual bases, and resolution of any single element does not moot the others.

2. This case does not challenge discretionary supervision decisions. It challenges conduct that exceeds statutory authority, violates clearly established constitutional limits, and operates outside any lawful supervision framework. The actions alleged are not discretionary judgments within lawful bounds, but unauthorized exercises of power taken outside clearly defined statutory limits and therefore cannot be shielded as discretionary supervision decisions.

---

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction under **28 U.S.C. § 1331** because Plaintiff asserts claims arising under the Constitution and laws of the United States (42 U.S.C. § 1983; First, Fourth, and Fourteenth Amendments).

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims under **28 U.S.C. § 1367** because they form part of the same case or controversy as the federal claims.

5. This action was originally filed in King County Superior Court on March 19, 2026, and removed to this Court on March 26, 2026. Removal was proper under **28 U.S.C. § 1441**.

6. Venue is proper under **28 U.S.C. § 1391(b)** because Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in King County, Washington.

---

## III. PARTIES

7. **Plaintiff JOSHUA SUMMERS** is a natural person residing in Des Moines, Washington. He is under the jurisdiction of the Indeterminate Sentence Review Board (ISRB) and subject to lifetime community custody supervision by the Washington State Department of Corrections.

8. **Defendant WASHINGTON STATE DEPARTMENT OF CORRECTIONS** is a state agency responsible for supervising individuals on community custody, including Plaintiff. DOC is subject to suit under RCW 4.92.010 and is amenable to declaratory and injunctive relief for unconstitutional conduct and statutory violations.

9. **Defendant LORELI SMITH** is a Community Corrections Officer employed by DOC. At all times relevant, she acted under color of state law. She is sued in her individual capacity for damages and in her official capacity for prospective declaratory and injunctive relief.

---

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Status and Lawful Property

10. Plaintiff Joshua Summers resides in Des Moines, Washington. He is under the jurisdiction of the Indeterminate Sentence Review Board (ISRB) and subject to lifetime community custody supervision by the Washington State Department of Corrections (DOC).

11. Plaintiff is the lawful owner of:

   - One **Apple iPhone 17 Pro Max** cellular telephone
   - One **Apple iPad Pro 4th generation** tablet computer
   - One **Apple MacBook Pro Max 14-inch** laptop computer

12. At no time prior to the events described herein was Plaintiff prohibited by any court order, written condition of community custody, or statute from possessing or using Apple brand electronic devices.

**B. The November 2025 Search and Seizure**

13. On or about November 20–21, 2025, Defendant Smith seized the above-described property from Plaintiff.

14. The search and seizure were initiated when Defendant Smith required Plaintiff to open the Accountable2You (A2U) monitoring application on his iPhone during a scheduled appointment. The application displayed a message indicating that monitoring was temporarily disabled. At that moment, Defendant Smith confiscated the phone and later seized the iPad and MacBook. Prior to demanding production of the device, Defendant Smith had not identified any condition violation, articulated

any basis for reasonable cause, or stated any reason for the demand. See ISRB Findings and Conclusions (**Exhibit C**).

15. Under RCW 9.94A.631(1), a community corrections officer may conduct a warrantless search or seizure only upon "reasonable cause to believe that the offender has violated a condition or requirement of the sentence." This standard requires a nexus between the suspected violation and the property searched or seized. *State v. Cornwell*, 190 Wn.2d 296, 304–06 (2018). Technology conditions on supervisees must be narrowly tailored to the specific supervisee's crime. *In re Pers. Restraint of Canter*, 35 Wn. App. 2d 798 (2025).

16. At the time of the search, Defendant Smith possessed contemporaneous A2U monitoring reports showing that the software was functioning normally both before and after the November 20, 2025, alert. She testified to this at the March 6, 2026, ISRB violation hearing. ISRB Findings and Conclusions at 6 (**Exhibit C**).

17. The ISRB found the alleged violation underlying the search—Violation #1 (failure to install A2U)—**Not Guilty**. The Hearing Investigator determined the evidence "did not demonstrate that he was responsible for or had knowledge of the monitoring software deactivation" and that the violation "did not seem willful." ISRB Findings and Conclusions at 6–7 (**Exhibit C**).

18. Defendant Smith expanded the search beyond the monitoring issue, reviewing historical device data unrelated to the alleged violation, including pre-conviction communications and images. She also accessed information from Plaintiff's seized

device for evidentiary purposes, as reflected by a screenshot of a WhatsApp FAQ page accessed from Plaintiff's phone while in DOC custody, which she submitted at the ISRB hearing. **Exhibit M**.

19. The search and seizure therefore lacked reasonable cause at inception, exceeded any permissible scope, and was used as a fishing expedition for unrelated misconduct.

**C. Prolonged Detention Without Notice or Process**

20. Defendants detained Plaintiff's property for over 110 days—from November 20–21, 2025 until March 10, 2026.

21. During this period, no criminal charges were filed, no forfeiture proceedings were initiated, no court authorized retention, and no written explanation was provided.

22. RCW 10.105.010(3) mandates that the seizing agency "shall cause notice to be served within fifteen days following the seizure." Defendants never served any notice or inventory. The failure to provide notice is a standalone violation that is not cured by the eventual return of property. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

23. The ISRB violation hearing concluded on March 6, 2026. Three of five alleged violations—including the primary allegation used to justify the search—were found **Not Guilty**. ISRB Findings and Conclusions at 6–7 (**Exhibit C**). Despite this, Defendants retained the property for an additional four days before returning it with coercive conditions.

24. The prolonged detention caused concrete harm: Plaintiff lost enrollment in a Ph.D. program and his graduate assistantship and was unable to seek employment.

**D. Return of Property with Unlawful Verbal Directives (March 10 & 17, 2026)**

25. On March 10, 2026, Defendant Smith returned Plaintiff's physical devices but imposed the following verbal directives:

    - Plaintiff is "not allowed to use an iPhone ever again" and must sell his iPhone within seven days;
    - Failure to comply would result in a violation and potential incarceration;
    - Plaintiff must "remediate" his devices by deleting unspecified "messages";
    - Plaintiff may use Android devices, but not "high-powered" models; and
    - Plaintiff must purchase a phone and Defendant Smith will determine whether it is approved.

26. When Plaintiff requested written notice, Defendant Smith stated that the directives "[do] not have to be in writing." **Exhibit D**.

27. On March 17, 2026, Plaintiff met with Defendant Smith. She confirmed and expanded the directives:

    - She would never approve any Apple devices;
    - She asserted "ultimate authority" independent of the ISRB;

- She expanded the remediation directive to include messages "as far back as they go," including pre-conviction communications;
- She confirmed that no Android device would be approved in advance; and
- She continued to refuse to provide written directives.

28. The board hearing summary Defendant Smith provided at that meeting reflects that the ISRB added only two writing assignments as new conditions. The summary contains no Apple device ban, no software mandate, no unlimited retroactive remediation, and no Android approval process. **Exhibit C**. Defendant Smith's claimed "**ultimate authority**" is unsupported by any written ISRB order.

29. **Exhibit J** (DOC Policy 380.260, § I.E.) states: "Computer and internet social media use may be restricted, but not prohibited, unless ordered by a court or Indeterminate Sentence Review Board [(Board)]." No court or ISRB order prohibits Plaintiff from using Apple devices.

**E. Plaintiff's Repeated Requests for Written Notice**

30. On March 12, 16, 20, and 21, 2026, Plaintiff emailed Defendant Smith requesting written notice and clarification of the directives. **Exhibits D, F, G**. Defendant Smith either refused to provide written notice or did not respond.

31. On March 21 and 26, 2026, Plaintiff emailed Supervisor Brett Cronk requesting (a) assignment of a different CCO because Defendant Smith is a defendant in this

litigation, and (b) rescission of the verbal directives. **Exhibits H, I**. No substantive response was received.

**F. The Return Was Conditional and Constitutes Illusory Possession**

32. The physical return of the devices did not restore meaningful possession. The coerced-sale mandate and permanent Apple ban continue to deprive Plaintiff of his iPhone. Plaintiff has placed the iPhone with a third party for safekeeping rather than sell it, because he reasonably fears that using or possessing it would result in a violation and incarceration. **Exhibit K** (AT&T financing agreement) shows the iPhone is subject to ongoing financial obligations, making forced sale financially harmful.

33. The remediation directive caused immediate harm. To comply with Defendant Smith's seven-day deadline to delete specified explicit images—a deadline four times shorter than the timeline reflected in the ISRB's own hearing summary—Plaintiff performed a factory reset of his iPad, losing all data on that device. **Exhibit C**.

34. The approval process for Android devices lacks objective criteria. Defendant Smith requires Plaintiff to purchase a phone before she determines whether it is approved, giving her unbridled discretion.

**G. DOC's Risk Assessment and Lack of Tailoring**

35. **DOC classified Plaintiff as LOW-Risk, Level 1**—the lowest supervision category—and identified no technology-related risk factors. Plaintiff's crime of conviction had no nexus to electronic devices, the internet, or digital communications.

36. **Electronic monitoring was added to Plaintiff's conditions at a violation hearing for conduct unrelated to technology.** DOC has not individually tailored technology conditions to Plaintiff; instead, it applies standardized forms without individualized assessment.

### H. Existing Supervision Tools Render Android-Only Mandate Unnecessary

37. Under the ISRB Order of Release, Defendant Smith already has tools to verify compliance **without** continuous surveillance:

    - Immediate device inspection upon request (Condition 6);
    - Polygraph examinations (Condition G); and
    - Regular reporting and home visits.

38. These tools provide **complete compliance verification**. The Android-only monitoring mandate imposes **ongoing intrusion** without any identified need beyond these existing mechanisms.

### I. Irreparable Harm

39. Plaintiff lost enrollment in a Ph.D. program and graduate assistantship due to the 110-day **deprivation**. He remains unable to seek employment because he cannot

use his devices **without fear of violation**. His housing stability is threatened by his inability to generate income.

40. The ongoing verbal directives **chill** his speech, prevent him from applying for jobs or pursuing education, and cause severe emotional distress.

### J. Retaliatory Conduct and Exhaustion

41. Plaintiff engaged in protected First Amendment activity by: (a) repeatedly requesting written notice and citing controlling law (March 10–21, 2026); (b) filing this lawsuit (March 19, 2026); and (c) complaining to Supervisor Cronk (March 21 and 26, 2026). **Exhibits D–I.**

42. Defendant Smith had never imposed any Apple device ban or Android restriction during her nearly two years of supervising Plaintiff. In response, Defendant Smith escalated the restrictions and took additional adverse actions **because of** Plaintiff's protected activity. On March 17, 2026—after Plaintiff's March 10–16 requests for written notice—Defendant Smith confirmed that she would never approve any Apple devices, expanded the remediation directive to include pre-conviction communications, and reiterated her refusal to provide written notice. She also maintained the coerced-sale mandate and teaching ban after the lawsuit was filed. The escalation of restrictions following Plaintiff's assertions of rights supports a direct causal inference.

43. Plaintiff exhausted available administrative remedies by requesting written notice, complaining to Defendant Smith and her supervisor, and receiving no relief.

---

## V. CLAIMS FOR RELIEF

44. At all relevant times, the constitutional and statutory limits governing Defendant Smith's conduct were clearly established, and existing precedent placed the constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). No reasonable officer could believe that conducting a warrantless search without nexus, retaining property for over 110 days without notice or process, imposing unwritten and standardless conditions, or acting beyond ISRB authority was lawful.

### A. Count One: Fourth Amendment Violations

### (42 U.S.C. § 1983 – Against Defendant Smith in Individual Capacity)

45. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

#### i. Unlawful Search

46. Defendant Smith's warrantless search of Plaintiff's electronic devices on November 20–21, 2025, was not supported by reasonable cause as required by RCW 9.94A.631(1). The search lacked a nexus to any actual condition violation, was pretextual, and exceeded any permissible scope.

**ii. Unlawful Seizure & Prolonged Detention**

47. Defendant Smith seized Plaintiff's property without legal justification and retained it for over 110 days without notice, forfeiture proceedings, court authorization, or any lawful basis. The prolonged detention was unreasonable under the Fourth Amendment.

48. The absence of any ongoing investigative need or lawful process during this period renders the continued retention independently unreasonable.

**iii. Constructive and Ongoing Seizure**

49. By imposing a coerced-sale mandate and permanent Apple device ban under threat of incarceration, Defendant Smith has effected an ongoing constructive seizure of Plaintiff's iPhone, depriving him of meaningful possession and use. This constitutes a continuing Fourth Amendment violation.

**iv. Relief Sought**

50. Plaintiff seeks declaratory and injunctive relief against all Defendants, and damages against Defendant Smith in her individual capacity.

**B. Count Two: Fourteenth Amendment Due Process Violations**

**(42 U.S.C. § 1983 – Against Defendant Smith in Individual Capacity)**

51. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

**i. Procedural Due Process – Failure to Provide Statutory Notice (RCW 10.105.010(3))**

52. Defendant Smith failed to serve any notice of seizure within 15 days as required by RCW 10.105.010(3), depriving Plaintiff of his right to challenge the seizure and contest forfeiture.

53. These statutory violations are not random or unauthorized acts remediable through post-deprivation processes. They define the limits of Defendants' lawful authority. Conduct taken outside those limits is not discretionary and constitutes arbitrary government action prohibited by the Fourteenth Amendment.

**ii. Procedural Due Process – Failure to Provide Written Conditions (RCW 9.94A.704(7)(a))**

54. Defendant Smith refused to provide written notice of the conditions she imposed, despite RCW 9.94A.704(7)(a) requiring that additional conditions be reduced to writing and provided to the supervisee. This deprived Plaintiff of any meaningful opportunity to seek administrative or judicial review. Because the statute makes written notice the trigger for administrative review under subsection (7)(b), Defendant Smith's refusal to provide that notice deprived Plaintiff not merely of information, but of the review mechanism itself.

**iii. Substantive Due Process – Arbitrary 110-Day Deprivation**

55. Detaining Plaintiff's property for over 110 days without legal process, justification, or forfeiture proceedings—particularly after the ISRB found the triggering violation Not Guilty—was arbitrary and shocks the conscience.

**iv. Relief Sought**

56. Plaintiff seeks declaratory and injunctive relief against all Defendants, and damages against Defendant Smith in her individual capacity.

**C. Count Three: Ultra Vires Agency Action**

**(RCW 9.94A.704 – Against All Defendants (Declaratory & Injunctive Relief); Against Defendant Smith in Individual Capacity (Damages))**

57. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

**i. DOC Lacked Authority to Impose Conditions Reserved to the ISRB**

58. Defendant Smith's verbal directives—permanent Apple device ban, retroactive remediation requirement, Android approval process, and teaching ban—were imposed without ISRB authorization. Under RCW 9.94A.704(10)(b), **only the Board may impose or modify conditions** on ISRB-supervised individuals. These directives are ultra vires and void. Moreover, under RCW 9.94A.704(6), DOC "may not impose conditions that are contrary to those ordered by the court." The ISRB's deliberate

omission of any Apple device ban from its written conditions means Defendant Smith's contrary directive also violates this provision.

59. These statutory violations are not merely procedural defects. They define the limits of Defendants' lawful authority. Conduct taken outside those limits is not discretionary, is ultra vires, and constitutes arbitrary government action prohibited by the Fourteenth Amendment.

### ii. Declaratory Relief that Unwritten Conditions Are Void

60. Plaintiff is entitled to a declaratory judgment under RCW 7.24.020 that all conditions imposed without written notice and without ISRB authorization are void ab initio.

61. The ultra vires nature of these conditions also supports Plaintiff's claims for damages under § 1983 for constitutional violations, which are brought separately in Counts I, II, IV, and V.

### iii. Relief Sought

62. Plaintiff seeks declaratory and injunctive relief against all Defendants, and damages against Defendant Smith in her individual capacity.

## D. Count Four: Unconstitutional Vagueness

**(Fourteenth Amendment Due Process – 42 U.S.C. § 1983 – Against Defendant Smith in Individual Capacity)**

63. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

**i. Remediation Directive**

64. Defendant Smith's directive to "**remediate**" devices by deleting unspecified "**messages**," with no defined scope, criteria, or timeframe, fails to provide ascertainable standards and permits arbitrary enforcement. Because noncompliance with this directive results in a violation report and potential incarceration, it functions as an enforceable condition regardless of its informal form.

**ii. "No High-Powered Android" Standard**

65. The directive that Plaintiff may use Android devices but not "**high-powered**" models lacks any objective definition, providing **no notice** of prohibited conduct and delegating unbounded discretion to Defendant Smith. Such a regime invites arbitrary enforcement and fails to provide any meaningful standard for compliance.

**iii. Post-Purchase Approval Process**

66. The requirement that Plaintiff purchase a phone before Defendant Smith determines whether it is approved gives Defendant Smith unguided discretion to approve or reject after the fact, rendering compliance impossible to ascertain.

**iv. Relief Sought**

67. Plaintiff seeks declaratory and injunctive relief against all Defendants, and damages against Defendant Smith in her individual capacity.

**E. Count Five: First Amendment Retaliation**

**(42 U.S.C. § 1983 – Against Defendant Smith in Individual Capacity)**

68. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

69. Plaintiff engaged in protected First Amendment activity by: (a) repeatedly requesting written notice of conditions and citing controlling law (March 10–21, 2026); (b) filing this lawsuit (March 19, 2026); and (c) complaining to Supervisor Cronk (March 21 and 26, 2026).

70. In response to Plaintiff's protected activity, and because of it, Defendant Smith took and **escalated** adverse actions, including imposing the **permanent teaching ban**, issuing the **coerced-sale** mandate, refusing to provide **written notice**, expanding the **vague remediation** directive, and **threatening incarceration** for noncompliance. No legitimate supervisory justification existed for the escalation, and Defendant Smith would not have imposed these escalated conditions but for Plaintiff's protected activity. The adverse actions escalated after Plaintiff's protected activity and were substantially motivated by it.

71. A person of ordinary firmness would be **chilled** from exercising First Amendment rights by such retaliation.

72. Plaintiff seeks declaratory and injunctive relief against all Defendants, and damages against Defendant Smith in her individual capacity.

### F. Count Six: State Law Torts

**(Against Defendant Smith in Individual Capacity)**

73. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

74. Plaintiff has complied with RCW 4.96.020. To the extent formal presentment is deemed necessary, Plaintiff pleads substantial compliance. Defendants received actual notice of the claims, their factual basis, and Plaintiff's identity no later than March 19, 2026.

#### i. Conversion

75. Defendant Smith intentionally exercised dominion and control over Plaintiff's iPhone, iPad, and MacBook inconsistent with his rights by seizing them on November 20–21, 2025, and retaining them for **over 110 days** without legal authority. She used at least one of the devices for her **own evidentiary purposes**, and the **coerced-sale mandate** continues to deprive Plaintiff of the iPhone.

**ii. Intentional Infliction of Emotional Distress (IIED)**

76. Defendant Smith's conduct—pretextual seizure, prolonged detention, imposition of vague and ultra vires conditions, threats of incarceration, teaching ban, shifting justifications, and retaliation—was extreme and outrageous, beyond all bounds of decency. Plaintiff suffered **severe emotional distress,** including anxiety, **depression, sleep disturbance, weight loss**, and hypervigilance. The cumulative nature of Defendant Smith's conduct—a sustained pattern over four months—compounds the outrageousness.

**iii. Abuse of Process**

77. Defendant Smith used the community custody violation process, search and seizure authority, and monitoring software alerts for **ulterior purposes**: to conduct a **fishing expedition**, detain Plaintiff's property **indefinitely**, coerce sale of his iPhone, impose unwritten conditions to maintain leverage, and **retaliate** against him for **exercising** his rights. The threat of future violation reports based on the same unwritten conditions continues the abuse, as Defendant Smith has not rescinded the directives and has stated that any noncompliance will result in a violation.

**iv. Relief Sought**

78. Plaintiff seeks damages against Defendant Smith in her individual capacity.

**G. Count Seven: Unconstitutional Custom And Practice**

**(42 U.S.C. § 1983 – Against Defendant Smith in Her Official Capacity Only – Prospective Relief)**

79. This claim arises independently of Plaintiff's other claims and is supported by distinct legal elements and factual predicates. Liability on this claim does not depend on the success of any other claim.

80. DOC maintains a **widespread and persistent custom, practice, and failure to train** that permits CCOs to impose conditions not reduced to writing, lacking objective standards, imposed without Board approval, and not individually tailored, in violation of the Fourteenth Amendment.

81. DOC's **failure to train** CCOs on the written-notice requirement of RCW 9.94A.704(7)(a) and the limits of CCO authority under RCW 9.94A.704(10) caused the constitutional violations alleged herein. Plaintiff's complaints to Supervisor Cronk went unanswered, demonstrating DOC's **systemic indifference**. DOC's Policy 380.260 and Smith's admission of inconsistent office practices demonstrate that the custom of permitting standardless, unwritten conditions is not isolated but widespread. Recent Washington appellate decisions have identified this same pattern of unwritten, standardless conditions imposed without ISRB authorization by other CCOs in other DOC offices, confirming that the practice is systemic.

82. This custom and practice is ongoing and **will continue to violate** Plaintiff's rights unless enjoined by this Court.

83. Plaintiff seeks prospective declaratory and injunctive relief against Defendant Smith in her official capacity to **prohibit continued enforcement** of these customs and practices.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joshua Summers respectfully requests that this Court grant the following relief:

### A. Declaratory Relief

84. **Declare** that the search and seizure of Plaintiff's electronic devices violated the Fourth Amendment and Article I, Section 7.

85. **Declare** that Defendants' failure to provide notice of seizure violated RCW 10.105.010(3) and due process.

86. **Declare** that the 110-day detention without forfeiture proceedings was arbitrary and unlawful.

87. **Declare** that Defendants' verbal directives—Apple ban, remediation requirement, Android approval process, teaching ban—are void as exceeding statutory authority, unconstitutionally vague, and imposed without ISRB authorization.

88. **Declare** that the physical return of property with a coerced-sale mandate does not constitute meaningful restoration of possession.

89. **Declare** that DOC's custom of permitting unwritten, standardless conditions violates the Fourteenth Amendment.

**B. Injunctive Relief**

90. Temporarily, preliminarily, and permanently enjoin Defendants and their officers, employees, and agents from:
    - Issuing violation notices based on Plaintiff's possession or use of his Apple iPhone;
    - Enforcing any condition not provided in writing;
    - Enforcing any technology condition lacking ascertainable, written standards;
    - Taking any action to compel Plaintiff to sell his iPhone;
    - Imposing new conditions without ISRB authorization;
    - Enforcing the unwritten teaching ban.
91. Order Defendants to provide Plaintiff with written notice of all current conditions of community custody, including specific criteria for remediation and device approval.
92. Order that Plaintiff be assigned a different Community Corrections Officer, as Defendant Smith is a named defendant in this litigation and a reasonable person would doubt her ability to supervise Plaintiff impartially.

**C. Retroactive Relief**

93. Order that any violation notice issued based on the unlawful verbal directives is void ab initio and shall be expunged.

### D. Damages

94. Award compensatory and punitive damages against Defendant Smith in her individual capacity for the constitutional and common law violations, including damages for lost educational and employment opportunities, emotional distress, and ongoing financial costs.

### E. Attorney's Fees and Costs

95. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, or, in the alternative, such fees and costs as may be recoverable by a pro se litigant.

### F. Other Relief

96. Grant such other relief as the Court deems just.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED** this 1st day of May 2026.

Respectfully submitted,

s/ Joshua Summers_____

Joshua Summers, Pro Se

22515 30th Ave S

Des Moines, WA 98198

**VERIFICATION**

I, JOSHUA SUMMERS, declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing Third Amended Complaint and know the contents thereof, and that the same is true of my own knowledge, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true.

**EXECUTED** this 1st day of May 2026, at Des Moines, Washington.

s/ Joshua Summers_____

Joshua Summers

## VIII. EXHIBIT LIST

| *Exhibit* | *Description* |
|---|---|
| A | Accountable2You vendor documentation (iOS compatibility) |
| B | Declaration of Joshua Summers (March 19, 2026) |
| C | ISRB Findings and Conclusions from the March 6, 2026 Violation Hearing; ISRB Addendum #1; Board Hearing Summary provided by Defendant Smith on March 17, 2026 (multi-part) |
| D | Email chain: March 10–16, 2026 (requests for written notice & Defendant Smith's responses) |
| E | Declaration of John Overbey |
| F | March 20, 2026, email: Plaintiff's 10-question request for written clarification of the Electronic Device Inventory form (the "10-question email") |
| G | March 21, 2026, email: Plaintiff's request for written clarification of Android approval process (the "Android email") |

| ***Exhibit*** | ***Description*** |
|---|---|
| H | March 21, 2026, email to Supervisor Cronk re: procedural accommodation (witness/recording) + March 23 read receipt |
| I | March 26, 2026, email to Supervisor Cronk re: request to change CCO and rescind verbal directives |
| J | DOC Policy 380.260 (Social Media and Electronic Device Monitoring for Supervision) |
| K | AT&T Installment Contract for iPhone (36-month financing agreement) |
| L | AT&T Trade-In Receipt (October 2, 2025, device replacement) |
| M | Screenshot submitted by Defendant Smith at ISRB Violation Hearing (March 6, 2026), reflecting access to WhatsApp FAQ from Plaintiff's device while in DOC custody |

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2026, I filed the foregoing **Third Amended Complaint** with the Clerk of Court and served a copy on counsel for Defendants via CM/ECF and by email.

s/ Joshua Summers_____

Joshua Summers