UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency, and LORELI SMITH, in her official and individual capacities,<br><br>Defendants. | CASE NO. 2:26-cv-01034-JHC<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Joshua Summers's Motion for Appointment of Pro Bono Counsel. Dkt. # 53. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court DENIES the motion.

There is no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only if there are "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v.*

*Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Exceptional circumstances do not exist here.

Plaintiff has not shown a likelihood of success on the merits. The operative complaint is Plaintiff's Third Amended Complaint (TAC). Dkt. ## 55 & 75.[1] Plaintiff is on community custody under the jurisdiction of the Indeterminate Sentence Review Board (ISRB), Dkt. # 55 ¶ 7, following his guilty plea to one count of first-degree child molestation. *See* Dkt. # 41-1 at 12 (judgment and felony sentence of the Superior Court of Washington for King County, *State of Washington v. Joshua Christopher Summers*, No. 19-1-01514-1 SEA). The core of Plaintiff's claims is that directives from the corrections officer overseeing Plaintiff, Loreli Smith—telling him that he can never use an iPhone—violates several constitutional liberties and state laws. *See* Dkt. # 55 ¶¶ 25, 68–72 (First Amendment), 46–47 (Fourth Amendment), 52–55 & 64–66 & 80–81 (Fourteenth Amendment), 58–61 & 75–77 (state claims).

First, the TAC alleges the same facts and makes nearly identical claims as his first complaint. *See, e.g.*, Dkt. # 1-2 ¶¶ 164–168 (First Amendment), 199–203 (Fourth Amendment, 131–136 & 155–156 (Fourteenth Amendment), 138–149 & 174–175 (state claims). But this Court has already held, when ruling on Plaintiff's motion for a temporary restraining order at Dkt. # 5, that he had failed to show a likelihood of success on the merits. *See* Dkt. # 49 at 2. Nothing has changed that shows the Court that his claims are any likelier to succeed now. Second, Plaintiff argues that he has a likelihood of success on the merits because of *Matter of*

[1] Plaintiff filed the motion for counsel (Dkt. # 53) before he filed the TAC, but the Court analyzes the likelihood of success of his claims based on the operative complaint, not the complaint that was operative at the time of the motion.

*Canter*, 35 Wash. App. 2d 798 (2025), where the Washington Court of Appeals held that the constitutional rights of an individual on community custody were violated when the state imposed several purportedly similar restrictions on device usage, monitored by the same software Plaintiff alleges is used here, Accountable2You (A2U). But *Matter of Canter* benefited from a fully developed record where the petitioner provided evidence to support his claims. *See, e.g.*, *id.* at 824–25, n.22 (noting that the plaintiff had submitted evidence that the A2U software could make errors, such as alerting a corrections officer when the plaintiff received an email from his treatment provider whose signature block contained the words "Sex Offense Treatment and Assessment Programs"). Not so here where no evidence has been presented.

Nor has Plaintiff demonstrated that he cannot adequately "articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954. Plaintiff has amended his complaint three times (Dkt. ## 1-2, 22, 55) and filed briefing associated with his TRO motion (Dkt. # 5) and preliminary injunction motion (Dkt. # #65, 71). These filings and others demonstrate that Plaintiff can adequately articulate the constitutional and state-law claims that he advances. Plaintiff stresses that this Court noted, when ruling on his motion for leave to file an overlength brief (Dkt. # 59), that Plaintiff had mischaracterized a court order and included hallucinated legal authority. Dkt. # 60 at 1. But none of these mistakes show that he cannot articulate his claims. Plaintiff also evokes the purported complexity of the case, but this is premature, since Defendants have not filed any responsive pleading, and so it remains to be seen what those legal issues will be.

For these reasons, the Court concludes that Plaintiff has not shown that exceptional circumstances justifying the appointment of counsel exist. Accordingly, Plaintiff's motion for counsel, Dkt. # 53, is DENIED without prejudice should new circumstances arise.

Dated this 27th day of July, 2026.

John H. Chun
United States District Judge