UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency, and LORELI SMITH, in her official and individual capacities,<br><br>Defendants. | CASE NO. 2:26-cv-01034-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to waive PACER fees. Dkt. # 76. Plaintiff moves the Court to waive his $193.90 existing balance as well as all future fees related to records in this action. Dkt. # 76 at 1. For the reasons articulated herein, this motion is DENIED.

"The PACER System acts as a portal to information stored on the Court's Case Management/Electronic Case Files ("CM/ECF") system." *Nelson v. Sorrento Tower Apartments*, 2023 WL 3061843, at *1 (S.D. Cal. Apr. 24, 2023). Because the Electronic Public Access Fee Schedule already has measures in place to ensure costs are reasonable, "'[e]xemptions from PACER user fees are uncommon,' and '[i]n forma pauperis status alone

does not support a request to waive PACER fees.'" *Glenn v. Americo*, 2024 WL 5077345, at *1 (W.D. Wash. Dec. 11, 2024) (quoting *Katumbusi v. Gary*, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014)). Courts may grant exemptions of PACER fees to indigent parties, but to do so they must find that the exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. *Mintz v. Nw. Mut. Life Ins. Co.*, 2025 WL 1108230, at *1 (C.D. Cal. Mar. 24, 2025).

"Through CM/ECF, all parties and attorneys of record receive one free electronic copy of all documents filed electronically." *Nelson*, 2023 WL 3061843, at *1. "If a party is not registered with the court's CM/ECF system, they will receive a copy of all orders and filed documents via mail." *Glenn*, 2024 WL 5077345, at *1. "Further, the fee to access documents through PACER is $0.10 per page retrieved, with the charge for any single document limited to a modest $3.00." *Id.* "Courts have consistently denied motions to waive PACER fees." *Slach v. City of Battle Ground*, 2025 WL 2958457, at *1 (W.D. Wash. Oct. 17, 2025).

This case was removed to this Court from King County Superior Court. Dkt. # 1. Plaintiff asserts that the Superior Court previously found him indigent. Dkt. # 76 at 2. Plaintiff also states that his monthly obligations exceed his income by at least $320 each month and attaches a declaration regarding his financial status. Dkt. # 76 at 2; Dkt. # 76-1. Plaintiff is registered with the CM/ECF system, so he receives a free copy of every document on the docket in this matter. *See* Dkt. # 4. Plaintiff states that he "minimizes PACER usage by saving documents through the free look provided with each Notice of Electronic Filing." Dkt. # 76 at 2. Plaintiff says that his $193.90 balance "accrued from the case monitoring and record review necessary to litigate this action pro se." Dkt. # 76 at 2.

But, even presuming his indigence, Plaintiff does not explain specifically why and how he accrued this $193.90 balance, nor why he would need a waiver for future PACER fees related

to this action given that he receives a free copy of every document on the docket. Accordingly, Plaintiff has not justified the waiver of his PACER balance and fees. *See Nelson*, 2023 WL 3061843, at *1 (finding that the plaintiff failed to justify the waiver of an unpaid balance and future PACER fees in light of the CM/ECF procedure).

For the forgoing reasons, Plaintiff's motion to waive PACER fees (Dkt. # 76) is DENIED.

Dated this 22nd day of September, 2026.

John H. Chun
United States District Judge