UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency, and LORELI SMITH, in her official and individual capacities,<br><br>Defendants. | CASE NO. 2:26-cv-01034-JHC<br><br>**ORDER** |

**I**

**INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Order for Issuance of Subpoenas. Dkt. # 95. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the applicable law. Being fully advised, for the reasons below, the Court DENIES the motion without prejudice.

## II

## DISCUSSION

The Court adopts its recitation of the facts of this case from its Order at Dkt. # 79. Broadly, Plaintiff claims that Defendants' confiscation and search of his electronic devices and later directives regarding those devices violated state law and his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Dkt. # 79 at 5; *see* Dkt. # 75.

Plaintiff requests that the Court issue subpoenas to two third parties: Accountable2You, LLC (A2U) and the Indeterminate Sentence Review Board (ISRB). Dkt. # 95. Though Plaintiff states that he is only requesting blank subpoenas for these third parties, he attaches the proposed contents of the subpoenas.

"The scope of third-party subpoenas is subject to the relevance and proportionality requirements of Rule 26(b)." *Evitt v. Experian Info. Sols. Inc.*, 2023 WL 3996904, at *1 (W.D. Wash. June 14, 2023). "Thus, while Rule 45(a)(1) permits parties to subpoena designated documents or electronically stored information from third parties, a district court must enforce the subpoenaing party's duty to 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *Id.* (quoting Fed. R. Civ. P. 45(d)(1)); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery may be restricted to protect a nonparty from harassment, inconvenience, or disclosure of confidential documents).

Under Rule 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A court must limit discovery if it determines that the proposed discovery is outside Rule 26(b)(1)'s scope or if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff contends that the Court may not deny his request to issue blank subpoenas under Rule 45(a)(3). Dkt. # 95 at 5. But courts have declined to issue subpoenas to parties where the proposed subpoena would not comply with Rule 26(b)'s requirements. *See Gwen v. Unknown Parties*, 2023 WL 12140782, at *3 (D. Ariz. Apr. 27, 2023); *Evitt v. Experian Info. Sols. Inc.*, 2023 WL 3568053, at *2 (W.D. Wash. May 19, 2023).

A. A2U

A2U provides software that Plaintiff's community custody officer, Defendant Loreli Smith, required him to install on his phone and computer. Dkt. # 79 at 3. The A2U software allows Smith to monitor Plaintiff's device and internet usage. Dkt. # 79 at 3. The parties agree that when Smith asked Plaintiff to open A2U on his iPhone at an appointment on November 20, 2025, the iPhone showed a message that it was not being monitored. *See* Dkt. #79 at 3; Dkt. # 75 at 7. Smith later told Plaintiff that he needed to replace his iPhone with an Android device because of the "known limitations of A2U on iPhones." Dkt. # 79 at 4.

Plaintiff's proposed subpoena for A2U requests a wide array of information, including all documents regarding Plaintiff's A2U account, A2U's communications with certain state agencies, and all documents regarding A2U's various data policies and functionalities across operating systems. *See* Dkt. 95-1 at 9-17 ("These requests seek records concerning Plaintiff and documentation describing the Accountable2You application's architecture and capabilities," and

"seek material beyond the publicly available support articles on Accountable2You's website, including internal or non-public engineering, design, capability, and communication records"). The Court agrees with Defendants' assertion that these requested materials exceed the scope of discovery described in Rule 26(b). *See* Dkt. # 97 at 6-8. The Court does not see, and Plaintiff fails to articulate, the relevance of A2U's internal documents to Plaintiff's claims. And though information about what Defendants received regarding Plaintiff's A2U account and A2U's representations to Defendants about its compatibility with iPhone and other operating systems might be relevant to some of Plaintiff's claims, this information can be obtained from Defendants.

B. ISRB

Plaintiff is on community custody under the jurisdiction of the ISRB following his guilty plea to first degree child molestation. Dkt. # 79 at 2. The ISRB imposed additional conditions of supervision on Plaintiff after he was found guilty of a violation in September 2023. *Id.* Some of these new conditions related to Plaintiff's use of internet-capable devices. *Id.* at 2-3. In November 2025, Defendants confiscated several of Plaintiff's electronic devices after determining that he had violated his internet-capable device conditions. *Id.* at 3-4. At a hearing about Plaintiff's five charged violations, the ISRB found Petitioner guilty of two. *Id.* at 4-5. In this action, Plaintiff brings claims only against Defendants Smith and the Washington State Department of Corrections for their actions regarding his conditions of supervision; he does not bring any claims against the ISRB.

In his proposed subpoena to the ISRB, Plaintiff requests all its documents related to him and extensive documents regarding its policies and practices. *See* Dkt. # 95-1 at 22-27. Defendants argue that this requested information either lacks relevance or can be obtained from

Defendants or Plaintiff himself. Dkt. # 97 at 8-9. Plaintiff asserts that several of Defendants' affirmative defenses rely on the ISRB's actions. Dkt. # 102 at 4. But regarding what specific evidence would be relevant to his claims or any of Defendants' affirmative defenses, Plaintiff only references "[w]hat Defendants asked the Board to impose, what the Board declined, what the Board told Defendants about the limits of their authority, and the basis on which the March 2026 sanctions were set." Dkt. # 102 at 5. And the Court does not see, and Plaintiff does not explain, why this information cannot be obtained from Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C).

. . .

Accordingly, the Court finds that Plaintiff's Motion for Order for Issuance of Subpoenas. (Dkt. # 95) does not show that the requested information is within the scope of discovery, so the motion is denied without prejudice.[1]

## III

## CONCLUSION

For the above reasons, the Court DENIES Plaintiff's Motion for Order for Issuance of Subpoenas without prejudice. Dkt. # 95. The Court DIRECTS the Clerk to STRIKE as moot the motion for reconsideration at Dkt. # 121.

DATED this 30th day of October, 2026.

John H. Chun
United States District Judge

[1] The Court also denies Plaintiff's request to strike portions of Dkt. # 97. *See* Dkt. # 102 at 6.