**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **JOSHUA SUMMERS, an individual**<br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency; and LORELI SMITH, in her official and individual capacities;**<br>**Defendants.** | **Supplemental Complaint to the Third Amended Complaint (Fed. R. Civ. P. 15(d))**<br><br>**No. 2:26-cv-01034-JHC** |

## Table of Contents

I. PRELIMINARY STATEMENT ........ 3

II. SUPPLEMENTAL FACTUAL ALLEGATIONS ........ 3

A. Continued and Escalated Enforcement After the Filing of the Third Amended Complaint ........ 3

B. Continued Refusal to Provide Written Conditions ........ 4

C. Enforcement Through Shifting, Standardless Definitions ........ 6

D. Surveillance of Plaintiff's Litigation Activity ........ 7

E. Crystallized Financial and Housing Harm ........ 8


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

F. The ISRB's June 2026 Deletion of Condition B Under a Standardless Reservation .. 10

G. The Employment Directive and the Approved Education Alternative ...................... 11

H. Continuing Course of Conduct ........................................................................ 12

III. TORT CLAIM PRESENTMENT ......................................................................... 13

IV. RELATION TO EXISTING CLAIMS ................................................................... 13

V. VERIFICATION ................................................................................................ 15

VI. SUPPLEMENTAL EXHIBIT LIST ...................................................................... 16

CERTIFICATE OF SERVICE ................................................................................... 18


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

## I. PRELIMINARY STATEMENT

97. Pursuant to Federal Rule of Civil Procedure 15(d) and the Court's order granting leave (Dkt. 125), Plaintiff Joshua Summers files this Supplemental Complaint setting out transactions, occurrences, and events that happened after May 1, 2026, the date the Third Amended Complaint (Dkt. 55; re-filed with its exhibits at Dkt. 75 pursuant to the Court's Order at Dkt. 74) was filed, together with the continuing course of conduct of which those events are part. This Supplemental Complaint does not amend, restate, or supersede the Third Amended Complaint, which remains the operative pleading in this action; it supplements that pleading. Paragraph numbering continues from the Third Amended Complaint.

98. The supplemental allegations below support the claims already pleaded in Counts One through Seven of the Third Amended Complaint. No new count is added, and no allegation of the Third Amended Complaint is altered.

## II. SUPPLEMENTAL FACTUAL ALLEGATIONS

### A. Continued and Escalated Enforcement After the Filing of the Third Amended Complaint

99. After the Third Amended Complaint was filed on May 1, 2026, Defendants continued and formalized the conduct alleged in it. On May 5 and May 7, 2026, Defendant Smith issued further directives, including the May 7, 2026, telephone directives. Plaintiff documented these events in contemporaneous memoranda dated May 5 and May 7, 2026. (**Exhibit P**.) These post-filing events continued the course

reflected in the April 7, 2026, written device-surrender notice (**Exhibit N**) and Clarification Checkbox Form (**Exhibit O**) and in Plaintiff's April 2026 written requests for clarification, documented in contemporaneous memoranda dated April 14 and April 30, 2026, all of which followed the settling of the Third Amended Complaint's content on April 7, 2026 (the date of Plaintiff's motion for leave to file it, Dkt. 36). This conduct continued the same course underlying Counts One through Seven — including the constructive seizure of the iPhone, which persisted until June 16, 2026, the refusal to reduce conditions to writing, and the imposition of standardless conditions.

## B. Continued Refusal to Provide Written Conditions

100. Defendant Smith's refusal to provide written conditions continued after the Third Amended Complaint was filed. On the May 7, 2026, telephone call she expressly reaffirmed — as she had on the April 30, 2026, call — that she is not required to provide written notification and would not do so, while maintaining that Plaintiff remains subject to a violation finding. On June 8, 2026, when Plaintiff asked Defendant Smith to confirm in writing a verbal approval she had granted and to define its scope, she again declined, stating that she does not need to put anything in writing and would not do so, leaving the scope of the approval undefined. Because RCW 9.94A.704(7)(a) makes written notice the trigger for administrative review under subsection (7)(b) — and the administrative hearing available to an offender under the Board's authority, RCW 9.94A.704(10)(c), likewise runs from

receiving notice of the condition, notice that subsection (10)(e) requires the Board to give in writing — Plaintiff had no statutory review mechanism at any point while the conditions were enforced, and none constrains their re-imposition.

101. Plaintiff's administrative escalations confirm the vacuum. Between May 14 and June 29, 2026, the Department of Corrections' (DOC) Resolution Program refused to accept Plaintiff's grievances concerning the unwritten directives at every level of the program, in four written responses (Log IDs 26852583 and 26852976; responses dated May 14, May 20, June 12, and June 29, 2026). (**Exhibit T**.) The initial responses stated that because the issue "is currently being litigated in court, this will serve as your administrative remedy." The June 12 appeal response stated that the litigation "supersedes the Department's Resolution Program," that "[t]he Not Accepted determination is upheld at this time," and that "no further correspondence or actions will be taken concerning this complaint." The June 29 appeal response — issued by the Statewide Senior Administrator of Resolutions — added that the matter was "also . . . an ISRB decision that supersedes this Resolution Program" and confirmed that "[n]o further action or responses will be provided on this matter." The Department's position that judicial proceedings substitute for administrative review confirms that no administrative mechanism exists to review or contest the unwritten conditions.


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

**C. Enforcement Through Shifting, Standardless Definitions**

102. The conditions Defendant Smith enforced derived from an "Electronic Device Inventory and Internet Search Requirement" form that DOC revised effective July 15, 2025, materially expanding its scope beyond the version Plaintiff executed in 2023 (for example, by requiring that "smart watches" be listed). (**Exhibit Q**.) Plaintiff signed the revised form on April 7, 2026. Defendant Smith has enforced the form through shifting, unwritten definitions of its terms, including Requirement #7 (prohibiting "chang[ing] the appearance of data or images" without prior approval), Requirement #8 (prohibiting "alter[ing] or destroy[ing] records of personal electronic device use," including use of "defeating forensic software," without prior approval), the undefined "compliance-defeating software" standard she articulated verbally in enforcing Requirement #8 — a term that appears nowhere on the form — the undefined "no high-powered Android" directive, and the undefined direction to delete "evidence of violation behavior." On March 20, 2026, Plaintiff submitted ten specific written questions seeking clarification of the revised form; he submitted a follow-up Clarification Checkbox Form on April 7, 2026, and further written requests under Requirements #7 and #8 on April 27 and April 30, 2026. On the April 30, 2026, and May 7, 2026, telephone calls, Defendant Smith expressly refused to provide written clarification, stating she is not required to provide written notification, while maintaining that Plaintiff could be found in violation for conduct the form does not enumerate.


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

103. The standardlessness persisted throughout enforcement, and the operative definitions shifted between communications. Defendant Smith enforced the revised form's undefined Requirements #7 and #8, and her own undefined "compliance-defeating software" standard, through verbal definitions that changed over time: on the May 7, 2026, telephone call — after having narrowed "compliance-defeating software" to end-to-end encryption on the April 30, 2026, call — she stated that conduct the form does not enumerate may nonetheless support a violation. A condition whose meaning shifts between meetings provides no ascertainable standard and invites arbitrary enforcement.

**D. Surveillance of Plaintiff's Litigation Activity**

104. The monitoring regime Defendant Smith enforced captured Plaintiff's privileged and litigation-related work product, to which Defendant Smith — the named defendant in this action — has "accountability partner" access. The captured material includes the filenames of Plaintiff's draft filings in this case, the titles of his legal-research and litigation-strategy materials, his Public Access to Court Electronic Records and Case Management/Electronic Case Files (CM/ECF) activity and case-law research queries, and privileged medical, banking, and clinical content. On the May 7, 2026, telephone call, Defendant Smith disclosed that she had inspected the activity and underlying data of Plaintiff's verification-and-validation pipeline — the means by which Plaintiff prepares and verifies work product in this civil-rights action against her — without prior notice to Plaintiff and


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

while Plaintiff's written request concerning that operation remained pending. The surveillance of Plaintiff's litigation activity by the adverse party chilled Plaintiff's access to the courts and his protected activity for as long as it operated, and it continued the deprivation alleged in the Third Amended Complaint.

105. Plaintiff's protected activity continued after the filing of the Third Amended Complaint, including prosecuting this action and his motion for preliminary injunction, submitting written requests for clarification, and filing administrative escalations to the Department and to Supervisor Cronk in April and May 2026; and Defendant Smith's adverse conduct continued and escalated in response, as alleged above. Surveillance of Plaintiff's litigation activity by the adverse party would chill a person of ordinary firmness and interferes with Plaintiff's access to the courts.

**E. Crystallized Financial and Housing Harm**

106. Since the Third Amended Complaint was filed, the threatened housing harm alleged at ¶ 39 of the Third Amended Complaint has crystallized. Plaintiff's sole income is a monthly disability benefit of $450.00; his monthly rent obligation is $770.00; and his combined checking and savings balance was $34.76 as of April 16, 2026. (**Exhibit R**.) His rent was paid only through June 30, 2026, he provided advance notice to his house manager that July 2026 rent could not be paid, and he faced displacement from his housing on or about July 1, 2026. Displacement in July 2026 was averted when, on July 1, 2026, Redwood Ministries agreed to hold the July


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

rent in abeyance — not requiring its payment and not requiring Plaintiff to vacate for its nonpayment — and to extend that abeyance for a corresponding period if the Department detained or incarcerated Plaintiff or otherwise interrupted his ability to seek and keep employment; the obligation was then discharged on July 16, 2026, by Plaintiff charging $420.00 to a credit card and a $350.00 charitable grant paid on his behalf to Redwood Ministries by the Redwood Church of God Benevolent Fund; the $770.00 monthly rent obligation recurs against the same $450.00 monthly income, and the threat of displacement continues. The harm flowed directly from Plaintiff's inability to use his devices for income-generating work caused by the constructive seizure — which continued until June 16, 2026 — and the unwritten conditions: both income pathways that would have closed the monthly shortfall — the offered teaching position and the University of Southern Mississippi research-assistantship pathway — were foreclosed by Defendant Smith's conduct, and the teaching pathway remains foreclosed by her September 29, 2025, categorical denial, which has never been rescinded. The single DOC-approved desktop computer did not cure the harm because the work in flight existed only on the seized MacBook — the josh-administration-panel working branch and four git stashes have no copy anywhere else — because Plaintiff's University correspondence archives existed only in the MacBook's local Outlook data files, and because the configured development environments the projects require resided on the MacBook. *See* Declaration of Joshua Summers Regarding Financial Status, Housing, and Economic Damages and Exhibits A, B, C, G, H, and L thereto.


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

**F. The ISRB's June 2026 Deletion of Condition B Under a Standardless Reservation**

107. On June 15, 2026, the Executive Director of the Indeterminate Sentence Review Board (ISRB) transmitted an email recommending removal of the internet-monitoring condition ("Condition B"), and the Board, through Board Member Jeff Patnode, deleted it by Order of Release and Conditions Addendum #3, Date of Decision June 15, 2026. (**Exhibit S**.) The June 15 communication reserved a standardless power to restore the condition: "Should your behavior or internet usage become concerning at any time, the Board may add this condition back." The stated reason for the removal — that the condition was causing collateral consequences impacting Plaintiff's work and education — corroborates the injury alleged throughout this action. Upon the deletion, the conditions that flowed from Condition B — including the Electronic Device Inventory and Internet Search Requirement form and the directives enforced under it — dissolved, and Plaintiff's surrendered devices were returned to him upon service of the Addendum on June 16, 2026, with restoration to service taking approximately 48 additional hours. The deletion is a discretionary, reversible modification made under a standardless reservation: it ended the active deprivation while confirming that imposition, enforcement, and removal alike occur at unreviewable discretion, and Plaintiff remains subject to re-imposition of the condition — and of the entire apparatus that flowed from it — at any time. The reservation's trigger — behavior or internet usage the Board finds "concerning" — is itself undefined, and Defendant Smith, as Plaintiff's field case manager, is the channel through which any such report would


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

reach the Board. By a separate addendum bearing the same Date of Decision (Order of Release and Conditions Addendum #4, authorized by Board Members Jeff Patnode and Kecia Rongen, served June 30, 2026), the Board simultaneously imposed a new Condition H authorizing polygraph examinations "at the discretion of your field case manager to monitor compliance with your community custody conditions," each to include a question concerning sexually explicit materials. The Board thus deleted one discretionary enforcement mechanism and, in the same decision, conferred another on Defendant Smith. *See* Dkt. 73 and the exhibits thereto.

**G. The Employment Directive and the Approved Education Alternative**

108. The supervision practice described above continued through and after the June 16, 2026, return of Plaintiff's devices. On June 8, 2026, Defendant Smith verbally directed Plaintiff to be employed by June 30, 2026 — twenty-two days later — or be in violation, while stating that she would be out of the office over the next several weeks and reiterating that Plaintiff must obtain her explicit prior approval, and only hers, before accepting any employment. On the June 17, 2026, telephone call she restated the directive and stated that June 17 was her only day in the office until her return on June 30, 2026. Plaintiff memorialized the directive and the impossibility of complying with it in a June 25, 2026, letter. On July 6, 2026, Plaintiff proposed satisfying Standard Condition 2 through Department-approved education; on July 7, 2026, Defendant Smith approved education as an alternative to


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

employment, requiring a safety plan, proof of enrollment, and proof of loan funding or an assistantship offer by July 31, 2026; and on July 10, 2026 — three weeks ahead of that deadline — Plaintiff delivered proof of active enrollment (University of Southern Mississippi Computer Science Ph.D. program, thirteen credit hours for Fall 2026) and federal loan funding. Neither the employment directive nor the approval of the education alternative has been reduced to writing by the Department. (**Exhibit U**.)

### H. Continuing Course of Conduct

109. The conduct alleged above was not a series of discrete events but a single, escalating course of conduct. The constructive seizure of Plaintiff's iPhone, Defendant Smith's refusal to reduce supervision conditions to writing, the enforcement of conditions through standardless and shifting verbal directives, and the surveillance of Plaintiff's protected and litigation-related activity continued through June 16, 2026, when the Board's discretionary deletion of Condition B ended the active deprivation. The refusal to reduce conditions to writing was never remedied at any point; the Board's reservation of the power to re-impose the condition stands; the financial harms continue to accrue; and the governing practice — unwritten and standardless — contains nothing to prevent recurrence. Absent prospective relief, recurrence remains available at Defendants' unreviewable discretion.


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

## III. TORT CLAIM PRESENTMENT

110. On July 20, 2026, Plaintiff sent a standard tort claim to the Washington Department of Enterprise Services, Office of Risk Management, pursuant to RCW 4.92.100, by certified mail (article no. 9589 0710 5270 4271 8349 89), claiming damages of $120,318.63 arising from the conduct alleged in the Third Amended Complaint and this Supplemental Complaint. The Office of Risk Management received the claim on July 24, 2026, and assigned it Tort Claim No. 3101028240. On August 20, 2026, the Office of Risk Management declined the claim. Plaintiff gave the Court notice of the presentment and the declination on August 24, 2026. See Dkt. 94 and Exhibit A thereto. The sixty-calendar-day period prescribed by RCW 4.92.110 elapsed on September 22, 2026. This paragraph supplements ¶ 74 of the Third Amended Complaint; Count Six (Third Amended Complaint ¶¶ 73–78) remains pleaded.

## IV. RELATION TO EXISTING CLAIMS

111. Count One — Fourth Amendment (search, seizure, and constructive seizure). The supplemental allegations show the constructive seizure and its effects continuing through the June 16, 2026, return of Plaintiff's devices, and the harm that accrued during it. (¶¶ 99, 104, 106, 109.)

112. Count Two — Fourteenth Amendment Due Process. The supplemental allegations show the continued refusal to provide written conditions, the resulting deprivation of the statutory review mechanism throughout enforcement, and the


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

absence of any administrative recourse, confirmed at every level of the Department's Resolution Program. (¶¶ 100–102, 108.)

113. Count Three — Ultra Vires Agency Action. The supplemental allegations show the continued imposition and enforcement of conditions and directives without Board authorization, including the employment directive. (¶¶ 99, 102, 108.)

114. Count Four — Unconstitutional Vagueness. The supplemental allegations show enforcement through shifting, standardless definitions, and the deletion of Condition B under a reservation whose trigger is itself undefined. (¶¶ 102–103, 107.)

115. Count Five — First Amendment Retaliation. The supplemental allegations show post-filing escalation, surveillance of Plaintiff's litigation activity, and interference with access to the courts. (¶¶ 104–105.)

116. Count Six — State Law Torts. The supplemental allegations show the continuing damages flowing from the conduct alleged and the presentment of Plaintiff's tort claim. (¶¶ 106, 110.)

117. Count Seven — Unconstitutional Custom and Practice. The supplemental allegations show the ongoing custom and practice and the Department's systemic indifference, including the Resolution Program's refusal at every level to review the unwritten directives. (¶¶ 99–109, and specifically ¶ 101.)

118. The Prayer for Relief of the Third Amended Complaint applies to the supplemental allegations without restatement.


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

**DATED** this 4th day of November 2026, at Des Moines, Washington.

Respectfully submitted,

Joshua Summers

(206)-388-3620

catalystjs@hotmail.com

22515 30th Ave S

Des Moines, WA 98198

Pro Se

## V. VERIFICATION

I, **JOSHUA SUMMERS**, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Supplemental Complaint to the Third Amended Complaint and know the contents thereof, and that the same is true of my own knowledge, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true.

**EXECUTED** this 4th day of November 2026, at Des Moines, Washington.

Joshua Summers

## VI. SUPPLEMENTAL EXHIBIT LIST

| *Exhibit* | *Description* |
|---|---|
| N | Written Notice of Device Surrender dated April 7, 2026 (previously filed as Second Supplemental Declaration Exhibit I) |
| O | Clarification Checkbox Form submitted April 7, 2026 |
| P | Contemporaneous memoranda dated April 14, April 30, May 5, and May 7, 2026 |
| Q | Electronic Device Inventory and Internet Search Requirement form, revised effective July 15, 2025, and the 2023 version executed by Plaintiff |
| R | Boeing Employees' Credit Union Account Summary and transaction history (March 23 – April 16, 2026) and AT&T bill of March 18, 2026 (per the Financial/Housing Declaration, Exhibits A, B, and C), redacted per LCR 5.2 |
| S | June 15, 2026, ISRB email and Order of Release and Conditions Addendum #3 (Date of Decision June 15, 2026) |


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620

| ***Exhibit*** | ***Description*** |
|---|---|
| T | DOC Resolution Program responses, Log IDs 26852583 and 26852976, dated May 14, May 20, June 12, and June 29, 2026 |
| U | Employment-directive and education-path record: Plaintiff's contemporaneous memoranda of the June 8, June 17, and July 7, 2026, meetings and calls; Plaintiff's June 25, 2026, letter memorializing the directive and its impossibility; the July 6, 2026, education-path letter; and the July 10, 2026, deliverables email with proof of enrollment and funding |

**CERTIFICATE OF SERVICE**

I certify that on the date indicated above, I electronically filed the foregoing Supplemental Complaint to the Third Amended Complaint with the Clerk of Court via the CM/ECF system, which will electronically serve a Notice of Electronic Filing upon all registered CM/ECF users in this case, including counsel for Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Joshua Summers

Joshua Summers


*Joshua Summers* *22515 30th Ave S – Des Moines, WA 98198*
(206) 388-3620