**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSHUA SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | NO. 2:26-cv-01034-JHC<br><br>ORDER |

Before the Court is pro se Plaintiff's motion to recuse. Dkt. # 130. The Court has carefully reviewed the motion and has considered the rest of the file and the governing law. For the reasons discussed below, the Court DENIES the motion.

"Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*

A judge of the United States must recuse from any proceeding in which their impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must also

disqualify themselves in circumstances when they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff does not present any argument giving rise to a legitimate question of the undersigned judge's impartiality. First, he does not point to any "extrajudicial source" of bias, such as some connection with a party. Second, to the extent he bases his argument on adverse rulings by the Court, such "rulings do not constitute the requisite bias . . ., even if they were erroneous[.]" *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Finally, he says that he rests his motion on "how the rules were applied, not on what was decided." Dkt. # 130 at 5. He points to the timing of the Court's orders, but the time required to respond to each motion varies according to the motion itself, and "delay does not form a sufficient basis for disqualification." *United States v. Engen*, 2021 WL 1734295, at *2 n.5 (W.D. Wash. Mar. 25, 2021), *aff'd*, 2021 WL 1734320 (W.D. Wash. May 3, 2021). Plaintiff also contends that the Court did not provide sufficient reasoning or it improperly relied on reference to Defendants' reasoning when denying some of his motions. Dkt. # 130 at 4. But the Court was not required to provide findings and conclusions for the motions that he identifies, and the Court stands by its provided reasons, including those by reference, for each of its rulings. *See* Fed. R. Civ. P. 52(a)(3).

Notably, Plaintiff also does not identify rulings in his favor. *See, e.g.*, Dkt. ## 19 (order granting leave to file amended complaint); 52 (order granting leave to file overlength brief); 54 (order granting leave to file another amended complaint); 60 (order granting leave to file another overlength brief); 74 (order denying Defendants' motion for more definite statement); 91 (order granting Plaintiff's request to proceed *in forma pauperis*); 101 (order granting Plaintiff's motion to ruling on LCR 7(g) request); and 125 (order granting motion to file supplemental complaint).

The undersigned makes rulings in each case based on the issues presented by the parties or on sua sponte review and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown that a reasonable person could question this Court's impartiality. The undersigned will not recuse himself voluntarily from this case.

Accordingly, the Court DENIES the motion. Also, the Court further DIRECTS the Clerk to refer the motion to Chief Judge David Estudillo for further review.

DATED this 6th day of November, 2026.

John H. Chun

JOHN H. CHUN
United States District Judge