UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA SUMMERS,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,

Defendants.

CASE NO. 2:26-cv-01034-JHC

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 131)

This matter comes before the Court on the Honorable John H. Chun's denial (Dkt. No. 131) of Plaintiff's motion seeking his recusal (Dkt. No. 130). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff argues Judge Chun exhibited bias in favor of Defendants in several ways. First, Plaintiff argues Judge Chun granted Defendants' motion for a protective order staying discovery despite Defendants' failure to request a court conference prior to filing their motion. (Dkt. No. 130 at 3.) Second, Plaintiff argues Judge Chun ruled on one of Defendants' motions promptly, but took 45 days to rule on Plaintiff's request for subpoenas. (*Id.* at 3–4.) Third, Plaintiff argues Judge Chun adopted the reasoning presented by Defendants in their briefs when ruling in Defendants' favor and did not sufficiently address certain assertions in Defendants' response brief. (*Id.* at 4–5.)

To the extent Plaintiff disagrees with Judge Chun's rulings,[1] this cannot support a motion for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

[1] Judge Chun cites numerous instances in which he has ruled in Plaintiff's favor. (*See* Dkt. No. 131 at 3.)

motion."); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").

Regarding Judge Chun's decision to stay discovery without first requiring Defendants to request a conference, Plaintiff identifies that for his two discovery-related motions he complied with the conference request requirement prior to filing each motion and that each time Judge Chun declined to set a hearing. (Dkt. No. 130 at 3.) However, Judge Chun's conference request requirement does not appear to have created any substantive barrier that prevented Plaintiff from presenting his motions. The Court, therefore, finds no basis to conclude Judge Chun's impartiality might reasonably be questioned as Plaintiff has been able to present his motions to Judge Chun.

With respect to the timeliness of Judge Chun's rulings, Plaintiff acknowledges that Judge Chun ruled on his motion within 45 days of its noting date, which is within the 30 to 45 day timeline contemplated by Local Civil Rule 7(b)(5). Even if there was some delay in ruling on Plaintiff's motion, any such delay would not, without more, constitute a basis for questioning Judge Chun's impartiality. *United States v. Engen*, Case No. C18-712-RSM, 2021 WL 1734295, at *2 n.5 (W.D. Wash. Mar. 25, 2021) ("[D]elay does not form a sufficient basis for disqualification.") (collecting cases); *Collins v. Tenorio*, Case No. CV–08–430–PHX–ROS, 2008 WL 5225805 at *2 (D. Ariz. Dec. 15, 2008) (Noting that it may be possible to construct hypotheticals in which extreme delay in ruling on a motion "might be partial evidence of bias that would mandate recusal or disqualification", but that a relatively brief delay would not give rise to an inference of bias.).

The fact that Judge Chun ruled on one of Defendants' motions more promptly than one of Plaintiff's motions does not call into question Judge Chun's impartiality. As Judge Chun notes

in his order, "the time required to respond to each motion varies according to the motion itself[.]" (Dkt. No. 131 at 2.) To the extent Plaintiff disagrees with Judge Chun's docket management decisions, judges possess broad authority to manage their dockets, and docket management decisions are not a basis for recusal. *See Micheaux v. Am. Credit Acceptance*, Case No. 24-1102-DDC-BGS, 2025 WL 986968, at *2 (D. Kan. Apr. 2, 2025) (Plaintiff's "disagreements with the court's management of its docket are not a basis for recusal under the relevant statutes"); *McSwain v. Laurene Powell Jobs*, Case No. 1:13-CV-890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) ("a judge's efforts at docket management are not a basis for recusal.").

Plaintiff has presented no evidence of bias on Judge Chun's part, and the Court finds no evidence that would lead a reasonable person to question Judge Chun's impartiality. The Court therefore AFFIRMS Judge Chun's denial (Dkt. No. 131) of Plaintiff's motion for recusal (Dkt. No. 130).

Dated this 17th day of November, 2026.

David G. Estudillo
United States District Judge